**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABEL MEZA, | Case No.: 1:16-cv-01296-JLT (HC) |
| Petitioner, | ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | THIRTY-DAY DEADLINE |
| Respondent. | ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

Petitioner has filed a pleading entitled "Motion to Appeal, and Request to Stay to Exhaust State Remedies." The motion appears to be an attempt to commence a habeas corpus action, but a case cannot be commenced with the filing of a motion. Because Petitioner is a pro se litigant and filings by pro se litigants must be liberally construed, the Court construed Petitioner's motion as a Petition for Writ of Habeas Corpus. Nevertheless, the petition is deficient and will be dismissed. Petitioner will be required to file an amended petition.

I.   **PROCEDURAL GROUNDS FOR SUMMARY DISMISSAL**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II.     INSUFFICIENT INFORMATION

A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> …shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.

Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

Here, the petition is completely deficient.  Petitioner fails to provide the date and nature of his criminal conviction, in what court the conviction occurred, or what sentence was imposed.  Petitioner lists nine claims of ineffective assistance of counsel but his claims are completely conclusory as he fails to provide any background facts whatsoever that would permit the Court to review the claims.

Petitioner has submitted a petition that fails to comply with the requirements of Rule 2(c).  It is Petitioner's responsibility to specify all grounds for relief and to provide sufficient factual allegations for the Court to determine whether those claims state the kind of federal constitutional violations upon which this Court's habeas jurisdiction is predicated.  Petitioner has failed to meet these minimal pleading requirements.  Accordingly, Petitioner will be required to submit a First Amended Petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual allegations, in order for this case to proceed.

## III.     EXHAUSTION OF REMEDIES

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented it with the claim's factual and legal basis. Id. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66.

Here, Petitioner fails to state whether he has presented his claims to the California Supreme Court, when he presented those claims, or when the California Supreme Court denied them. Without this information, the Court simply cannot proceed. In his amended petition, Petitioner must provide the specific information regarding what claims he has raised in the California Supreme Court, when those claims were denied, and provide copies of the state high court's orders denying those claims.

## IV.     FAILURE TO NAME A PROPER RESPONDENT

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named as Respondent the People of the State of California. However, the

People of the State of California is not the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner. Petitioner is presently confined at the C.S.P. Solano in Vacaville, California. The current director or warden of that facility is the person Petitioner should name as Respondent.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent).

**V.     ORDER**

Accordingly, the Court **ORDERS**:

1. The instant petition for writ of habeas corpus is hereby **DISMISSED**;
2. Petitioner is **GRANTED** 30 days from the date of service of this Order to file a first amended petition that complies with this order;
3. The Clerk of the Court is **DIRECTED** to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

**Petitioner is forewarned that his failure to comply with this order may result in the Court dismissing this action pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **September 15, 2016**          **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE