UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL MEZA, <br><br> Petitioner, <br><br> v. <br><br> ERIC ARNOLD, Warden, <br><br> Respondent. | Case No.: 1:16-cv-01296-JLT (HC) <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE <br><br> ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE <br><br> ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

On August 30, 2016, Petitioner filed a pleading entitled "Motion to Appeal, and Request to Stay to Exhaust State Remedies."[1] Since the motion appeared to be an attempt to commence a habeas corpus action, the Court liberally construed Petitioner's motion as a Petition for Writ of Habeas Corpus. Following a preliminary review of the petition, the Court found the petition to be deficient and dismissed it. The Court ordered Petitioner to file an amended petition. ("FAP"). Because the claims raised in the First Amended Petition are unexhausted, the petition will be **DISMISSED WITHOUT PREJUDICE**.

I.      **PROCEDURAL GROUNDS FOR SUMMARY DISMISSAL**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

---

[1] On November 4, 2016, Petitioner consented to the jurisdiction of the Magistrate Judge.

1

to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II.     EXHAUSTION OF REMEDIES

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented it with the claim's factual and legal basis. Id. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66.

Petitioner states he has presented his claims to the superior court. However, he concedes he has not presented the claims to the California Supreme Court. See FAP, p. 9. Thus, the claims are unexhausted. Because the Court cannot grant habeas relief when a petitioner has failed to exhaust state remedies and such remedies are available, the Court will dismiss the petition without prejudice so Petitioner may return to the state courts to exhaust his remedies. 28 U.S.C. § 2254(b)(1).

///

///

### III.     CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)     In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)     There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

## IV.     ORDER

Accordingly, the Court **ORDERS** that:

1. The instant petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE;
2. The Clerk of Court is DIRECTED to enter judgment and close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:     **December 21, 2016**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE